**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| Theresa Ingram, | Case No. 2:24-cv-02253-BNW-CDS |
| Plaintiff, | |
| v. | **ORDER** |
| Las Vegas Metropolitan Police Department, et al., | |
| Defendant. | |

Pro se Plaintiff Theresa Ingram brings this lawsuit and moves to proceed *in forma pauperis* (IFP). *See* ECF No. 1. Plaintiff submitted the affidavit required by 28 U.S.C. § 1915(a) showing an inability to prepay fees or costs or give security for them. Accordingly, the Court will grant her request to proceed *in forma pauperis*. The Court now screens Plaintiff's complaint (ECF No. 1-1).

I.    **ANALYSIS**

A.    **Screening standard**

Upon granting a request to proceed *in forma pauperis*, a court must screen the complaint under 28 U.S.C. § 1915(e)(2). In screening the complaint, a court must identify cognizable claims and dismiss claims that are frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Dismissal for failure to state a claim under § 1915(e)(2) incorporates the standard for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012). To survive § 1915 review, a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The court liberally construes pro se complaints and may only dismiss them "if it appears beyond doubt that the plaintiff can prove no set of facts in support of

his claim which would entitle him to relief." *Nordstrom v. Ryan*, 762 F.3d 903, 908 (9th Cir. 2014) (*quoting Iqbal*, 556 U.S. at 678).

In considering whether the complaint is sufficient to state a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff. *Wyler Summit P'ship v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998) (citation omitted). Although the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.* Unless it is clear the complaint's deficiencies could not be cured through amendment, a pro se plaintiff should be given leave to amend the complaint with notice regarding the complaint's deficiencies. *Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

To state a claim under 42 U.S.C. § 1983, a complaint must allege that (1) the conduct complained of was committed by a person acting under color of state law, and that (2) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. *Haygood v. Younger*, 769 F.2d 1350, 1354 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986).

### B.    Screening the complaint

Plaintiff alleges she has been "prosecuted mentally, physically, and emotionally" for more than a decade based on the illegal surveillance by METRO of her "home, [her] phone, in every aspect of [her life]."  ECF No. 1-1. As a result, she brings claims under the following federal and state statutes: 18 U.S.C. § 241, 18 U.S.C. § 242, 18 U.S.C. § 249, NRS § 199.130, NRS § 197.200, NRS § 199.210, NRS § 197.130, and NRS § 200.575.

The problem with Plaintiff's claims is that private civil causes of action are rarely implied under criminal statutes. *Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th 2020). Plaintiff makes no showing that any of the criminal statutes she cites impliedly contain private rights of action. Further, courts have concluded that there is no basis for civil liability under several criminal

statutes. *See, e.g.*, *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980) (no private right of action or basis of civil liability under 18 U.S.C. §§ 241, 242); *Sordean v. United States*, 1995 WL 86548, at *2 (N.D. Cal. Feb. 24, 1995) (no private right of action or civil liability under 18 U.S.C. § 247); *Ross v. Orange Cty. Bar Ass'n*, 369 Fed. Appx. 868, 869 (9th Cir. 2010) (no private right of action or civil liability under 18 U.S.C. § 1341); *Partin v. Gevatoski*, 2020 WL 4587386, at *3 (D. Or. Aug. 10, 2020) (no private right of action under 18 U.S.C. § 1661);  *Jordan v. State ex rel. Dep't of Motor Vehicles & Pub. Safety*, 121 Nev. 44, 69, 110 P.3d 30, 48 (2005) (finding that NRS 197.200, which makes it a criminal offense for "an officer to unlawfully and maliciously, under pretense or color of official authority, commit oppression by arresting or detaining another against his will," does not create a civil cause of action), *abrogated on other grounds by Buzz Stew, LLC v. City of N. Las Vegas*, 124 Nev. 224, 181 P.3d 670 (2008); *Dyson v. Utigard*, 163 F.3d 607, 607 (9th Cir.1998).

Thus, this Court recommends that Plaintiff's complaint be dismissed without leave to ammend.

**CONCLUSION**

**IT IS THEREFORE ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is GRANTED.

**IT IS FURTHER ORDERED** that the Clerk of Court must detach and separately file Plaintiff's complaint (ECF No. 1-1).

**IT FURTHER RECOMMENDED** that Plaintiff's complaint be dismissed without leave to amend.

/ / /

/ / /

/ / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE**

This report and recommendation is submitted to the United States district judge assigned to this case under 28 U.S.C. § 636(b)(1).  A party who objects to this report and recommendation may file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation.  Local Rule IB 3-2(a).  Failure to file a timely objection may waive the right to appeal the district court's order.  *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED: December 17, 2024

BRENDA WEKSLER
UNITED STATES MAGISTRATE JUDGE